# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | | |
|---|---|---|
| CASS LEE BUTTERSWORTH, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| | : | 1:05-CV-83 (WLS) |
| JIMMIE T. CAMP, J. BROWN | : | |
| MOSLEY, JOSEPH E. MULHOLLAND, | : | |
| ANNIE DORIS HOLDER, and | : | **PROCEEDINGS UNDER 42 U.S.C. §1983** |
| KRISTI M. CARMAN, | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |
| | : | |
| Defendants. | : | |

## RECOMMENDATION OF DISMISSAL

Plaintiff **CASS BUTTERSWORTH**, filed the above styled *pro se* civil rights complaint under 42 U.S.C. § 1983 (2000). Plaintiff also seeks leave to proceed without pre-payment of the filing fee or security therefor under 28 U.S.C. § 1915 (2000). As it appears plaintiff is unable to pay the cost of commencing this action, his request to proceed *in forma pauperis* is **GRANTED**. Based on plaintiff's submissions, the court waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(4) (2000). However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1) (2000).

## I. STANDARD OF REVIEW

### A. 28. U.S.C. § 1915(e)(2)

Notwithstanding any filing fee or portion thereof that might have been paid, the court is required to review prisoner complaints with a view toward dismissing the complaint or any portions thereof if the complaint: (1) is frivolous or malicious; (2) fails to state a claim on which relief may

be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 28 U.S.C. 1915A, 1915(e)(2) (2000).

An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the court must dismiss a complaint "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Neitzke, 490 U.S. at 327 (1981) (*quoting* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In any action under § 1983, the initial question presented to the court is whether the essential elements of a § 1983 cause of action are present. First, a plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution or laws of the United States. Second, he must allege that the act or omission was committed by a person acting under color of state law. Parratt v. Taylor, 451 U.S. 527, 535, *overruled in part on other grounds by*, Daniels v. Williams, 474 U.S. 327 (1986).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff states in the complaint that he was attacked by a group of inmates on October 9, 2002. Plaintiff states that warrants were issued against the inmates who allegedly attacked him. Plaintiff asserts that defendants J. Brown Moseley, Joseph Mulholland, Jimmie Camp and Annie Doris Holder "collectively conspired" to deprive him of his constitutional right to pursue criminal

charges against the individuals who plaintiff states attacked him.

Plaintiff argues that he is the victim of a selective prosecution conspiracy; stating, defendants Moseley, Mulholland and Holder selected not to prosecute the inmates who plaintiff alleges attacked him because plaintiff filed a civil rights action against Department of Corrections officials. Plaintiff further alleges that defendant Kristi Carman became part of the conspiracy to deny his rights by redacting information from the incident report relating to plaintiff's attack.

Plaintiff seeks a declaratory and injunctive relief, along with compensatory and punitive damages.

### III. *RECOMMENDATION OF DISMISSAL*

Upon review of plaintiff's complaint, it appears that he seeks to impose liability on the Georgia Department of Corrections and other prison officials for failing to protect him from the inmate attack. An examination of Court records reveals that plaintiff currently has pending before this Court a § 1983 lawsuit against Georgia Department of Corrections officials and others who are not named in the instant action, the facts of which, state precisely the same claim set forth by plaintiff in the case at bar. See Buttersworth v. Wetherington, 1:03-cv-146-WLS (M.D. Ga.). Because plaintiff's claims are the subject of a pending suit in which, plaintiff will have an adequate opportunity to litigate said claims, this Court will not entertain the claims at this time. Therefore, all claims against the Georgia Department of Corrections and prison officials should be dismissed. It is so **RECOMMENDED**.

Insofar as plaintiff also seems to be seeking relief against the inmates who allegedly attacked

him, such relief is not available because plaintiff has failed to satisfy the general requirements of a § 1983 action.  Plaintiff has not shown that the deprivation of his constitutional rights was committed by a person acting under color of state law.  The Supreme Court has defined "acting under color of law" as acting with power possessed by virtue of the defendant's employment with the state.  Edwards v. Wallace Comty. Coll., 49 F.3d 1517, 1522 (11th Cir. 1995); West v. Atkins, 487 U.S. 42, 49 (1988).  The dispositive issue is whether the defendant was acting pursuant to the power he possessed by state authority, or whether he was acting only as a private individual.  Edwards, 49 F.3d at 1523, *quoting* Monroe v. Pape, 365 U.S. 167, 184 (1961).  Plaintiff has not claimed that the inmates are state employees or possessed power by virtue of their relationship with the state.

Thus, plaintiff has failed to state a claim under § 1983 because he has not satisfied the threshold requirement that he allege the deprivation of his constitutional rights by a defendant acting under color of state law.  Therefore, to the extent that plaintiff is attempting to maintain a cause of action against the individuals who allegedly attacked him it is **RECOMMENDED** those claims be dismissed.  There being no cause of action against these individuals under § 1983 it is further **RECOMMENDED** that any state law claims plaintiff might be trying to raise against them also be dismissed.

Plaintiff's remaining claims against the individuals named in the instant complaint are set forth in the following discussion.

### A.  *Jimmie T. Camp and  Kristi Carman*

Plaintiff alleges that defendants Camp and Carman were a part of a conspiracy to deny his constitutional right to pursue criminal charges against the persons who allegedly attacked plaintiff.

In order to state a conspiracy claim under 42 U.S.C. § 1983, "the plaintiff must plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the state actors and the private persons." Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992)(citations omitted).

The plaintiff must show that the parties reached an agreement to deprive him of his rights. Strength v. Hubert, 854 F.2d 421, 425 (11th Cir. 1988). Merely asserting that the defendants have conspired together is insufficient to show that an agreement was reached.

Plaintiff has failed to plead sufficient facts supporting that either defendant Camp or defendant Carman reached an agreement with another party to deny his constitutional rights. Accordingly, the undersigned **RECOMMENDS** that the claims against Sheriff Jimmie Camp and Kristi Carman be **DISMISSED** and that said parties be terminated as defendants herein.

### *B. J. Brown Moseley and Joseph E. Mulholland*

Plaintiff states that defendants J. Brown Moseley, the District Attorney and Joseph Mulholland an Assistant District Attorney serving the Superior Court of Bainbridge, Georgia conspired to not prosecute the alleged inmate attackers. First, prosecutors are absolutely immune from liability under § 1983 for acts or omissions associated with the judicial process in a criminal case. Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Elder v. Athens-Clarke County, Georgia, 54 F.3d 694, 695 (11th Cir. 1995). Absolute immunity is essential in order that prosecutors can perform their duties without harassment or intimidation. Imbler at 424-25.

Plaintiff does not complain of any acts of defendants Moseley and Mulholland that were outside the scope of their prosecutorial duties; therefore, defendants are absolutely immune from liability.

Secondly, plaintiff has no constitutional right to have the persons he accused of assaulting him prosecuted.  See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).

A prosecutor's decision of whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion and such decision in generally not subject to review.  U.S. v. Cespedes, 151 F.3d 1329,  1332 (11th Cir. 1998) *quoting* Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978); *see also* Heckler v. Chaney, 470 U.S. 821, 831-32 (1985).

Thus, the undersigned **RECOMMENDS** that the claims against J. Brown Moseley and Joseph E. Mulholland be **DISMISSED** and that said parties be terminated as defendants herein.

*C.  Annie Doris Holder*

Finally, plaintiff names Calhoun County, Georgia Magistrate Judge Annie Doris Holder as a defendant.  State and federal judges have absolute immunity from liability to civil suit under § 1983 for actions taken in their judicial capacity.  Stump v. Sparkman, 435 U.S. 349,(1978); Wahl v. McIver, 773 F.2d 1169 (11th  Cir. 1985).  Immunity attaches unless the judge was acting in the "clear absence of all jurisdiction."  Stump, 435 U.S. at 357, 98 S. Ct. at 1105; Simmons v. Conger, 86 F.3d 1080 (11th Cir. 1996).

The complained of conduct as to this defendant seems to be dismissing warrants against the alleged attackers upon the request or motion of Assistant District Attorney Joseph E. Mulholland, an action clearly within her judicial capacity and function.  Further, and as earlier stated, plaintiff has no constitutional right to have the persons he accused of assaulting him prosecuted. See Linda R.S. v. Richard D., 410 U.S. 613, 619 (1973).

Therefore, the undersigned **RECOMMEND**S that the claims against Magistrate Judge Holder be **DISMISSED** and that said party be terminated as a defendant herein.

6

*IV. CONCLUSION*

Having recommended dismissal of all claims against all defendants the undersigned **RECOMMENDS** dismissal of the instant action in its entirety. Pursuant to 28 U.S.C. § 636(b)(1) (2000), plaintiff may serve and file written objections to this **RECOMMENDATION** with United States District Judge to whom this case is assigned, by filing the same in writing with the Clerk **WITHIN TEN (10) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 15th day of December, 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

mh